**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUSVIN ALFONSO LOPEZ-PELAEZ, | No. 13-71346 |
| Petitioner, | Agency No. A070-501-075 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

January 21, 2015[**]

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Lusvin Alfonso Lopez-Pelaez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Toufighi v. Mukasey*, 538

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 988, 992 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Lopez-Pelaez's untimely motion to reopen, where he failed to present sufficient evidence of changed country conditions in Guatemala to qualify for the regulatory exception to the time limit for filing motions to reopen, and he did not submit applications for relief. *See* 8 C.F.R. § 1003.2(c)(1), (c)(3)(ii); *Toufighi*, 538 F.3d at 996 (to prevail on a motion to reopen based on changed country conditions, applicant must *inter alia* demonstrate that his evidence establishes prima facie eligibility for relief).

To the extent that Lopez-Pelaez contends that the BIA abused its discretion by not sua sponte reopening his proceedings, we lack jurisdiction to review this contention. *See Toufighi*, 538 F.3d at 993 n. 8.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**